THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTOR DIMAIO,

      PLAINTIFF,

                                   CASE NO.:

vs.

DEMOCRATIC NATIONAL COMMITTEE,

                DEFENDANT.
_____/

## PLAINTIFF'S  COMPLAINT
## FOR DECLARATORY AND INJUNCTIVE RELIEF

### COUNT I

1.     This is an action for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 1331, 1343, 1361, and 2201.

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the real and immediate harm faced by the Plaintiff is threatened in this judicial district.

3.     Defendant, Democratic National Committee (hereinafter National Party) is the official representative entity of the Democratic Party, and is responsible for, among other things, promulgating delegate selection rules for the 2008 Democratic National Convention.

4.      The Florida Democratic Party (hereinafter State Party) is the official representative entity of the Democratic Party in the State of Florida, and is responsible for, among other things, ensuring compliance with the rules of the National Party regarding the delegate selection process for the 2008 Democratic National Convention.

5.      Plaintiff is an adult citizen of Hillsborough County, Florida, a registered Democratic voter, and has selected the Democratic Party as the political party with whom he chooses to be affiliated.

6.      Rules of the National Party provide that no state presidential preference primary election may be held prior to the first Tuesday in February or after the second Tuesday in June, in the calendar year of the national convention, except for the states of New Hampshire, Iowa, Nevada, and South Carolina. Attached hereto is a copy of said rules, marked exhibit "A" and made a part hereof by reference.

7.      The aforesaid rules further provide that the National Party may impose sanctions for violations by a state of these rules, including the reduction or elimination of the number of delegates to the national convention.

8.      In 2007, the State of Florida, enacted a law (now titled F.S. 103.101), which provided for, among other things, that "Each political party other than a minor political party shall, on the last Tuesday in January in each year the number of which is a multiple of 4, elect one person to be the candidate for nomination of

such party for President of the United States or select delegates to the national nominating convention, as provided by party rule."

9. On or about August 25, 2007, the National Party's Rules governing committee members voted not to allow Florida to seat any delegates at the national nominating convention, because of the enactment of the Florida law moving Florida's primary to a date which violates the national rules, unless within 30 days the State Democratic Party adopted an alternate contest to occur at least seven days from January 29, 2008.

10. On January 29, 2008, a presidential preference primary election was held in the State of Florida, at which time the Plaintiff voted for the Democratic candidate for president of his choice.

11. As a result of the aforesaid election, the results were calculated and it was determined the percentage of votes each presidential candidate received. The State Party then calculated the number of pledged delegates to which each candidate was entitled, pursuant to State Party rules.

12. Under State Party rules, a formula is used to determine how many delegates are to be elected from each of the state's 25 congressional districts. Registered Democratic voters that have filed to run as a delegate to the national nominating convention and pledged his or her support for a particular candidate, run in elections conducted by the State Party, in each of the congressional districts, to be a delegate to the national nominating convention.

13.    Pursuant to the aforesaid rules, elections for pledged delegates were held on March 1, 2008, and Plaintiff voted for the delegates of his choice.

14.    Pursuant to the decision of the National Party's rules committee on August 25, 2007, the Defendant has determined that delegates from the State of Florida would not be seated at its national nominating convention based on the results of the January 29, 2008 presidential preference primary in Florida, and in particular, delegates would not be allocated to candidates for nomination for president, based on the results of that election.

15.    By imposing sanctions of refusing to recognize the results of Florida's primary election, pursuant to Florida Statute 103.101, the National Party is violating Plaintiff's rights under the 14th Amendment of the United States Constitution.

16.    Plaintiff has been harmed by the decision of the National Party, in that his vote as to his preference for the Democratic nominee for president will not be counted in an equal manner as the votes of the citizens of other states, who voted in similar primaries and caucuses.

17.    All other states (except Michigan) will be entitled to have delegates seated at the Democratic Nominating Convention, in August, 2008, representing their respective states, and the division of pledged delegates will be based on the results of primaries and caucuses within those states, while the state in which Plaintiff resides and voted will not be entitled to delegates seated in the same manner.

18.     The decision of the National Party not to seat delegates from the state of Florida, based on the January 29, 2008 election, was predicated on its rules that no state, except New Hampshire, Iowa, South Carolina and Nevada, may conduct its presidential preference primary or caucus before the first Tuesday in February 2008. Because the State of Florida conducted its presidential preference primary before that date, the National Party determined that delegates would not be seated under State Party rule, pursuant to this election.

19.     The rules of the National Party, permitting the states of New Hampshire, Iowa, South Carolina, and Nevada, to hold their presidential preference primaries earlier than the other 46 states, without the sanction of forfeiting their delegates to the national nominating convention, are based on geographical stereotypes and racial and national origin demographics, which serve no legitimate party goal, and/or are based on bias.

20.     The decision of the National Party to enact rules allowing New Hampshire and Iowa to hold the first caucus and primary, was based on a characterization of the voters in those states as "informed and engaged" and that "the processes in these states subject candidates to 'retail politics' involving extensive face to face discussions with voters in addition to the pervasive influence of money and media." Attached hereto is a copy of the Report of the Commission on Presidential Nomination Timing and Scheduling, submitted to the Democratic National Committee on December 5, 2005, marked exhibit "B" and made a part hereof by reference. These presumptions imply that the citizens of Iowa and

New Hampshire, by virtue of their geographical location, are somehow more engaged and informed than the citizens of the other 48 states, or that their caucus and primary system, subjects candidates to 'retail politics' more so than other states would, if those states held their caucuses or primaries at the same time or earlier. These characterizations are inherently illogically stereotypical, and as invidious as stereotypes based on sex, race, or national origin.

21.  The decision to allow South Carolina and Nevada to conduct their caucus and primary before the first Tuesday in February 2008, without forfeiting their delegates, was based on the racial and national origin distribution of the population in those states, and thus, by definition discriminated against the citizens of the remaining 46 states based on race and national origin. Attached hereto as exhibit "C" is a copy of a sworn statement from Philip McNamara, director of the Office of Party Affairs and Delegate selection for the DNC. This statement was filed by the Defendant in the case of <u>Bill Nelson, et al., v. Howard Dean, et al.</u>, case number 4:07cv427-RH/WCS, U.S. District Court of the Northern District of Florida, in connection with the Defendant's Motion for Summary Judgment, wherein he affirms that Nevada was selected because of its significant and growing Latino population, and sizable Asian American and Pacific Islander community, and South Carolina was selected because African Americans represented a significant share of the Democratic electorate.

22.   The decision and the threat to implement the decision, of the National Party, violates Plaintiff's rights under the 14th amendment to the United States

6

Constitution, in that the National Party's rules specifying when the State of Florida may conduct its presidential preference primary, without being sanctioned by loss of delegates, is different than the rules pertaining to Iowa, New Hampshire, South Carolina, and Nevada, and the deferential treatment is based primarily on race and national origin, and as such, treats the citizens of the State of Florida in an unfairly unequal manner to the citizens of the aforesaid states.

23.    While the Defendant, National Party, is a private organization, and may, speaking through their rules, choose to define their associational rights by limiting who can participate in any binding process leading to the selection of their delegates to their National Convention, they may not refuse to seat delegates from a particular state, who are members of their party and were elected according to their rules (except for the timing of the date of the election), when it allows delegates from other states to be seated, whose states are not encumbered with the same rules pertaining to the timing of their elections or caucuses, and the timing rules are based on geographical and racial stereotypes, and serve no possible legitimate party goal.

24.    The National Party, acting under color of state law, is committing acts of geography-based, racial, and national origin-based discrimination that deprives Plaintiff of equal protection of law with respect to the fundamental right of voting in the State of Florida's Presidential Preference primary and having those votes count in determining the number and percentage of pledged

delegates assigned to each candidate for the Democratic nomination for president, and to have delegates seated in those numbers and percentages at the National Party's national nominating convention, pursuant to party rule.

**WHEREFORE**, the Plaintiff, Victor DiMaio, requests that this court assume jurisdiction and enter a declaratory judgment determining the decision and declaration of the Defendant, that it would not seat delegates from the State of Florida, pursuant to the results of Florida's presidential preference primary on January 29, 2008, is unconstitutional and violative of the 14th Amendment to the United States Constitution. Plaintiff further requests injunctive relief, preliminarily and permanently, as is appropriate to remedy the violations of Plaintiff's constitutional rights.

## <u>COUNT II</u>

25.   Plaintiff realleges paragraphs 1 through 14, 16 through, and 23, and 24 and 25, as if specifically set forth herein.

26.   The Defendant, DNC is subject to 42 U.S.C. § 200d et seq., also known as Title VI of the Civil Rights Act of 1964 ( hereinafter "The Act"), in that they receive financial assistance from the federal government in conducting its presidential nominating conventions. The funding is provided pursuant to Title 26, Subtitle H, Chapter 95, § 9008. This section provides in part "Subject to the provisions of this section, the national committee of a major party shall be entitled to

8

payments under paragraph (3), with respect to any presidential nominating convention, in amounts which, in the aggregate, shall not exceed $4,000,000, as adjusted by the consumer price index."

27.   As set forth above, the Defendant gave preference with respect to the scheduling of primary elections and caucuses to the states of South Carolina and Nevada, based on the racial and national origin demographic makeup of those states, without a determination by the Defendant, that the Defendant has engaged in discriminatory practices requiring remedial efforts.

28.   Plaintiff has been harmed by Defendant's actions and rules in that voters in South Carolina and Nevada were given preferential treatment in the scheduling of their presidential preference primary and caucus due to the racial and national origin demographics of their states, over the other 46 states, including Florida, the state where the Plaintiff resides and voted. By giving preference to the voters in South Carolina and Nevada, based on the racial and national origin demographics of those states, the Defendant necessarily discriminated against the citizens of the remaining states based on race and national origin, and thus, discriminated against the Plaintiff.

29.   Because the scheduling rules of the Defendant violate the rights of the Plaintiff as set forth above, the Defendant should be precluded from enforcing a penalty against the Plaintiff (by not seating delegates from the State of Florida, as provided for by state party rule, as a consequence to the Democratic preference primary held January 29, 2008).

**WHEREFORE**, the Plaintiff, Victor DiMaio, requests that this court assume jurisdiction and enter a declaratory judgment determining the decision and declaration of the Defendant, that it would not seat delegates from the State of Florida, pursuant to the results of Florida's presidential preference primary on January 29, 2008, violates 42 U.S.C. § 200d et seq., also known as Title VI of the Civil Rights Act of 1964. Plaintiff further requests injunctive relief, preliminarily and permanently, as is appropriate to remedy the violations of Plaintiff's rights.

Respectfully Submitted,

s/Michael A. Steinberg
Michael A. Steinberg, Esquire
Florida Bar No.: 340065
Michael Steinberg & Associates
4925 Independence Parkway
Suite 195
Tampa, FL  33634
Telephone:     (813) 221-1300
Facsimile:     (813) 221-1702
Frosty28@aol.com
Attorney for Plaintiff