UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Victor DiMaio, an individual          CASE NO: 8:08-CV-672-T-26EAJ

    Plaintiff,

v.

Democratic National Committee

    Defendant,
_____/

**PLAINTIFF'S STATEMENT OF THE MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED**

Plaintiff, Victor DiMaio, respectfully submits this Statement of The Material Facts as to Which There in No Genuine Issue to be tried.  This submission accompanies and is made in support of Plaintiff's Motion for Summary Judgment.

1.    Plaintiff is a registered Democratic voter in the State of Florida, county of Hillsborough and voted in the January 29, 2008, Democratic presidential preference primary in Florida.

2.    Rules of the Democratic National Committee provide that no state presidential preference primary election may be held prior to the first Tuesday in February or after the second Tuesday in June in the calendar year of the national convention except for the states of New Hampshire, Iowa, Nevada and South Carolina.

3.    The aforesaid rules of the Defendant provide that the Defendant may

impose sanctions for violations by a state of these rules, including the reduction or elimination of the number of delegates to the national convention.

4. The State of Florida scheduled its presidential preference primary on January 29, 2008, and that on that date several million voters from the State of Florida voted in that presidential preference primary.

5. On August 25, 2007, the Defendant's Rules Committee voted not to allow Florida to seat any delegates at itse National Nominating Convention because of the enactment of the Florida law moving Florida's presidential preference primary date to a date which violates the national rules.

6. As a result of the January 29, 2008, election in Florida, the results were calculated and it was determined the percentage of votes each presidential candidate received. The state party then calculated the number of pledged delegates to which each candidate was entitled, pursuant to state party rules.

7. The decision of the Defendant not to seat delegates from the State of Florida based on the January 29, 2008 election was predicated on its rules that no state except New Hampshire, Iowa, South Carolina and Nevada may conduct its presidential preference primary or caucus before the first Tuesday in February, 2008 and for no other reason.

8. The rules of the national party permitting the states of South Carolina, and Nevada to hold their presidential preference primary in the "early window" period, prior to February 5, 2008, was based primarily on the racial and national origin demographics of those states.

9. As set forth in Defendant's Motion for Summary Judgment in the case

2

of <u>Bill Nelson et al., v. Howard Dean, et al.</u>, Case No. 4:07-cv-427-RH/WCS, U.S. District Court of the Northern District of Florida, attached hereto as Exhibit "A", the DNC's manifest intent, in scheduling South Carolina and Nevada in the pre-window period, was to promote empowerment of Latinos/Hispanics and African Americans in the nominating process by allowing the state parties of Nevada and South Carolina to hold their events, in the same period as Iowa and New Hampshire before all the other states. (Pages 22-23)

10. The Defendant has received, and expects to continue to receive, money from the Federal government pursuant to Title 26, Subtitle H, Chapter 95, §9008, which provides in part "subject to the provision of this section, the national committee of a major party shall be entitled to payments under paragraph (3), with respect to any presidential nominating convention, in amounts which, in the aggregate, shall not exceed 4 million dollars, as adjusted by the consumer price index."

11. Defendant, in the previous presidential nominating process, did not discriminate against African Americans and/or Hispanics/Latinos.

12. The decision of the Defendant to allow a state with a significant percentage of African Americans in its Democratic electorate and a state with a significant number of Hispanic/Latinos in its Democratic electorate, to vote in the "pre-window" period, was voluntary and not remedial.

13. The Defendant had available race neutral alternatives to achieve the goals of nominating a candidate representing a diverse cross-section of the Democratic electorate without relying on race or national origin policies.

14. The declaration of Phillip McNamara, attached to Plaintiff's Motion

for Summary Judgment as Exhibit "A" is a true copy of the original and the facts set forth therein are true and correct.

Respectfully Submitted,

s/ Michael A. Steinberg  
Michael A. Steinberg, Esquire  
4925 Independence Parkway, Suite 195  
Tampa, Florida 33602  
Telephone #: (813) 221-1300  
Facsimile #: (813) 221-1702  
Frosty28@aol.com  
Attorney for the Plaintiff  
Florida Bar No: 340065

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on April 29, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel for Defendant, Katherine E. Giddlings, Akerman Senterfitt, 106 East College Avenue, Suite 1200, Tallahassee, FL 32301 and counsel, Joseph E. Sandler, Sandler, Reiff & Young, P.C., 50 E. Street, S.E., Suite 300, Washington, DC 20003.

s/ Michael A. Steinberg  
Michael A. Steinberg, Esquire  
4925 Independence Parkway, Suite 195  
Tampa, Florida 33634  
Telephone #: (813) 221-1300  
Facsimile #: (813) 221-1702  
Frosty28@aol.com  
Attorney for the Plaintiff  
Florida Bar No: 340065