UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANDREW B. BLOOM and
ADELE S. BLOOM,

        Plaintiffs,                  Case Nos.  3:08-cv-284-J-16MCR
                                                      and 8:08-cv-672-T-26EAJ

v.

THE DEMOCRATIC NATIONAL COMMITTEE
and SENATOR BARACK OBAMA,

        Defendants.
_____/

## MOTION TO TRANSFER SIMILAR CASE

Pursuant to Rule 1.04(b) of the Local Rules of the Middle District of Florida, Defendant Democratic National Committee ("DNC"), through its undersigned counsel, hereby files this Motion to Transfer Similar Case, in order to avoid prospective duplication in the resolution of similar cases and to conserve judicial resources in the determination of similar factual and legal issues. In support of its motion, the DNC states the following:

1. On or about August 30, 2007, a case was filed in the Middle District of Florida, Tampa Division, and was assigned to the Honorable Richard A. Lazzara. The complaint initiating that case was filed by Plaintiff Victor DiMaio ("DiMaio") and named the Democratic National Committee and the Florida Democratic Party as Defendants. *See DiMaio v. Democratic National Committee, et al.*, Case No. 8:07-cv-1552-T-26MAP, Docket Entry #1.

{TL157439;1}

2. DiMaio alleged in his complaint that his constitutional rights might be violated if the DNC refused to seat Florida delegates in accordance with the results of Florida's primary election. *Id.* at 3. When DiMaio filed his complaint, the primary election in Florida had not yet been held. DiMaio's complaint attempted to assert a claim for declaratory relief pursuant to 28 U.S.C. §§ 1331, 1343, and 2201. *Id.* at 1.

3. Both Defendants filed timely motions to dismiss DiMaio's complaint. *See DiMaio v. Democratic National Committee, et al.*, Case No. 8:07-cv-1552-T-26MAP, Docket Entries #10 and #11. After reviewing the Defendants' motions to dismiss and DiMaio's response to those motions, the District Court concluded that DiMaio lacked standing to bring the suit and that his complaint failed to state a claim upon which relief could be granted. *See DiMaio v. Democratic National Committee, et al.*, Case No. 8:07-cv-1552-T-26MAP, Docket Entry #18. As a result, the District Court entered an order on October 5, 2007, dismissing DiMaio's complaint with prejudice

4. DiMaio appealed the District Court's order dismissing his complaint to the Eleventh Circuit Court of Appeal. *See DeMaio v. Democratic National Committee, et al.*, Case No. 8:07-cv-1552-T-26MAP, Docket Entry #20. Oral Argument was heard by the appellate panel on March 17, 2008.

5. On March 21, 2008, the Eleventh Circuit issued an order agreeing that DiMaio lacked standing to bring the suit, affirming the District Court's determination that the case was nonjusticiable. However, the Eleventh Circuit vacated the District Court's alternative holding that DiMaio failed to state a cause of action, finding that it had no jurisdiction to reach that question given DiMaio's lack of standing. The Eleventh Circuit then construed

the District Court's dismissal to be <u>without</u> prejudice, allowing DiMaio an opportunity to file a new complaint and dismissing the appeal for lack of subject matter jurisdiction.

6. On or about April 9, 2008, DiMaio filed a second complaint in the Middle District of Florida, Tampa Division. *See DiMaio v. Democratic National Committee*, Case Number 8:08-cv-672-T-26EAJ, Docket #1. The second DiMaio complaint relied on facts and circumstances similar to those asserted in Case Number 8:08-cv-1552-T-26MAP, though revised to reflect that Florida had held its primary election on January 29, 2008. DiMaio's complaint again alleged that, by refusing to seat Florida delegates in accordance with the results of Florida's primary election, the DNC had violated his constitutional rights. DiMaio's second complaint requested declaratory relief under 28 U.S.C. §§ 1331, 1343 and 2201 and added a claim for injunctive relief pursuant to 28 U.S.C. § 1361. *Id.* at 1. In the second complaint, DiMaio dropped the Florida Democratic Party as a defendant and sued only the DNC. *Id.*

7. Initially, the second DiMaio case was assigned to the Honorable James S. Moody, Jr., but was subsequently transferred to the Honorable Richard A. Lazzara on April 15, 2008, in accordance with Rule 1.04(a) of the Local Rules of this Court. *See DiMaio v. Democratic National Committee*, Case Number 8:08-cv-672-T-26EAJ, Docket #4 and #5.

8. On or about March 20, 2008, Plaintiffs Andrew and Adele Bloom ("the Blooms") filed their complaint initiating this action. Like the complaints filed by DiMaio, the Blooms' complaint alleges that that their constitutional rights have been violated by the DNC's refusal to seat delegates from Florida in accordance with the results of Florida's primary election.

{TL157439;1}

3

9. In addition to the DNC, the Blooms have also sued Senator Barack Obama (D-IL), a candidate for the Democratic Party's nomination for the Office of the President of the United States.

10. Like the DiMaio complaint now pending before the District Court in Tampa, the Blooms appear to seek declaratory and injunctive relief. In addition, the Blooms seek compensatory and punitive damages.

## MEMORANDUM OF LAW

Pursuant to Rule 1.04(b) of the Local Rules of the Middle District of Florida, "[i]f cases assigned to different judges are related because of either a common question of fact or any other prospective duplication in the prosecution or resolution of the cases, a party may move to transfer [the] related case to the judge assigned to the first-filed among the related cases." Such a transfer is appropriate in this case.

The DNC respectfully submits that this case presents substantially similar and common questions of fact and law. To proceed with these related cases before separate judges may well result in duplication of judicial efforts in the resolution of the pertinent issues. Transferring this case to the District Court in Tampa and assigning this case to the Honorable Richard A. Lazzara, who is familiar with these same issues of fact and law due to his involvement in the *DiMaio* cases, will further the public interest in promoting judicial efficiency and conserving judicial resources.

**WHEREFORE**, the DNC respectfully requests that this Court transfer this case to the Middle District of Florida, Tampa Division, to be assigned to the Honorable Richard A. Lazzara in accordance with Rule 1.04(b) of the Local Rules of this Court.

Respectfully submitted,

/s/ Katherine E. Giddings
Katherine E. Giddings (Fla. Bar. No. 949396)
Pamela C. Marsh (Fla. Bar. No.057400)
AKERMAN SENTERFITT
106 East College Avenue
Suite 1200
Tallahassee, Florida 32301
Telephone:    (850) 224-9634
Telefax:         (850) 222-0103
katherine.giddings@akerman.com

Of counsel:
Joseph E. Sandler
General Counsel, Democratic National Committee
SANDLER, REIFF & YOUNG, P.C.
300 M Street, S.E.  Suite 1102
Washington, D.C. 20003
Telephone:    (202) 479-1111
Telefax:         (202) 479-1115

Attorneys for Defendant
DEMOCRATIC NATIONAL COMMITTEE

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on May 8, 2008, I electronically filed the foregoing MOTION TO TRANSFER SIMILAR CASE, along with the attached Notice of Filing Motion to Transfer, with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Andrew B. Bloom  
Adele S. Bloom  
6849 NW 31st Circle  
Jennings, Florida 32053

            /s/ Katherine E. Giddings  
            Katherine E. Giddings

{TL157439;1}          6