# United States Court of Appeals
## For the Eleventh Circuit

FILED
2009 MAR -5 AM 11: 34

No. 08-13241

District Court Docket No.
08-00672-CV-T-26-EAJ

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jan 30, 2009

THOMAS K. KAHN
CLERK

VICTOR DIMAIO,

    Plaintiff-Appellant,

versus

DEMOCRATIC NATIONAL COMMITTEE,

    Defendant-Appellee.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

Appeal from the United States District Court
for the Middle District of Florida

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
MAR 0 3 2009
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered: January 30, 2009
For the Court: Thomas K. Kahn, Clerk
By: Gilman, Nancy

**CORRECTED**

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 08-13241

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 30, 2009
THOMAS K. KAHN
CLERK
```

D.C. Docket No. 08-00672-CV-T-26-EAJ

VICTOR DIMAIO,

                Plaintiff–Appellant,

versus

DEMOCRATIC NATIONAL COMMITTEE,

                Defendant–Appellee.

Appeal from the United States District Court
for the Middle District of Florida

(January 30, 2009)

Before BIRCH and BARKETT, Circuit Judges, and KORMAN,* District Judge.

---

* Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

PER CURIAM:

Victor DiMaio appeals from an adverse summary judgment in favor of the Democratic National Committee ("DNC") on DiMaio's complaint alleging that the DNC violated the Fourteenth Amendment of the Constitution by ruling, prior to the 2008 presidential primaries, that all but four states were prohibited from holding their primaries or caucuses before February 5, 2008 and that Florida's delegates would not be seated at its convention because it violated this rule. We dismiss, finding this case moot.

Under Article III of the Constitution, federal courts may only hear "cases or controversies." Lujan v. Defenders of Wildlife, 504 U.S. 555, 559–60 (1992). "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Ethredge v. Hail, 996 F.2d 1173, 1175 (11th Cir. 1993). In this case, the Democratic National Convention has taken place, and all of the delegates from Florida ultimately were seated with a full vote. Thus, there is no live controversy remaining, and there is no meaningful relief that the court can give with respect to this situation.

A case can still be heard, however, if we lack "assurance that there is no reasonable expectation that the alleged violation will recur," Dow Jones & Co. v. Kaye, 256 F.3d 1251, 1254 (11th Cir. 2001) (quoting Reich v. Occupational

Safety & Health Review Comm'n, 102 F.3d 1200, 1201 (11th Cir. 1997) (internal quotations omitted)), or, as it is commonly stated, the situation is "capable of repetition, yet evading review," Sierra Club v. U.S.E.P.A., 315 F.3d 1295, 1302 n.11 (11th Cir. 2002). The DNC concedes that although it is more likely than not that the alleged violation will not recur in 2012, it cannot offer absolute assurance that it will not recur because the Florida law setting the primary date prior to the earliest time allowed under DNC rules remains in effect, and the DNC's timing rule for the 2012 Democratic National Convention, still over three years away, has not yet been determined. Nevertheless, as the chronology of this case shows, should the DNC's 2012 timing rule ultimately conflict with the Florida law for the 2012 Democratic National Convention, the alleged constitutional violation could be adjudicated at that time and therefore the alleged wrong does not "evade review." See id.

Specifically, the DNC's timing rule for the 2008 Democratic National Convention was adopted on August 25, 2007, a year before the Democratic National Convention. On August 30, 2007, DiMaio filed an action for a declaratory judgment alleging that the DNC's announced refusal to seat the Florida Democratic delegation would violate his constitutional rights. Shortly after the DNC's motion to dismiss was argued in September 2007, it was granted

3

on the grounds that plaintiff lacked standing and that it was without legal merit. On March 28, 2008, five months before the Democratic National Convention, we affirmed the dismissal of the complaint for lack of standing. DiMaio v. Democratic Nat'l Comm., 520 F.3d 1299 (11th Cir. 2008). We vacated the alternative holding of the district court, which reached the merits, because it was without jurisdiction.

Because the dismissal for lack of standing was necessarily without prejudice, on April 8, 2008, DiMaio filed a new complaint in an effort to address the standing issue. On May 28, 2008, the defendant's motion for summary judgment was granted. While it may have not been possible to fully resolve the second action before the National Convention, that impossibility was the result of the inept manner in which the case was litigated. Nevertheless, we observe that without any expedited schedule, the case has been resolved within ten months after the complaint was filed.

In sum, we think the record is clear that, even in the unlikely event that the DNC adopts a similar rule for its 2012 National Convention, a timely filed challenge to it would not evade review. Consequently, no exception to the mootness doctrine applies.

Accordingly, this appeal is DISMISSED, the judgment of the district court is VACATED, and the case is REMANDED with instructions to dismiss the case as moot.

BIRCH, Circuit Judge specially concurring:

I concur *dubitante.*

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Thomas K. Kahn
Clerk

For rules and forms visit
www.ca11.uscourts.gov

March 03, 2009

Sheryl L. Loesch
Clerk, U.S. District Court
801 N FLORIDA AVE RM 220
TAMPA  FL  33602-3849

**Appeal Number: 08-13241-DD**
Case Style: Victor DiMaio v. Democratic National Committee
District Court Number: 08-00672 CV-T-26-EAJ

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original record on appeal or review, consisting of: one volume

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)